## HENRY CARPENTER v. GEORGE F. LATTA, et al.

DAMAGES; *No Cause of Action Proved.* The plaintiff alleged that the defendant owned a bull, which he permitted to run at large; that the plaintiff owned a mare; that the bull, while permitted to run at large, gored the mare so that she died, and claimed judgment for the value of the mare. The proof showed that for some time previous to the injury, the bull had been feeding with the plaintiff's cattle in the plaintiff's pasture, with his consent, and that at the time of the injury the bull was confined with the plaintiff's cattle in a small lot about five rods square, and that the bull and mare and cattle had been put into such lot, and were there confined by the plaintiff's son, who was acting at the time as the servant of the plaintiff, and not as the servant of the defendant. *Held,* That no cause of action was proved in favor of the plaintiff and against the defendant, although the bull may, at some time prior to the injury, have been illegally running at large.

### *Error from Linn District Court.*

THE nature of the action, and the facts, appear in the opinion. At the July Term, 1882, of the district court, de-

fendants *Latta* and another recovered a judgment against plaintiff *Carpenter*, who brings the case here.

*W. R. Biddle*, for plaintiff in error.

*James D. Snoddy*, and *S. H. Allen*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error commenced this action before a justice of the peace, by filing a bill of particulars, in which he alleged that the defendants owned a bull, which they permitted to run at large; that plaintiff owned a mare; that the bull, while permitted to run at large, gored the mare so that she died; and claiming judgment for the value of the mare. The case, after judgment in the justice's court, was appealed to the district court, where a trial was had, before the court and a jury.

The evidence adduced on the trial, showed that the ownership of the bull and the mare was just as it was alleged to be in the plaintiff's bill of particulars; that the bull had been feeding in the pasture of plaintiff, with his assent, for about one month previous to the injury to the mare, which occurred on May 19, 1882; that on the evening when the mare was injured, the plaintiff's son, Niles, acting as the servant of his father, went to plaintiff's pasture, opened the bars and let out plaintiff's cattle, and with them defendants' bull; that he drove them all together toward the cow-lot of the plaintiff, near his house; that while in the road, passing from the pasture to the cow-lot, he met the mare, which had come out from the stable and was going toward the pasture; that he, Niles, turned the mare back, and that the plaintiff's cattle, the defendants' bull, and the mare, all went into the cow-lot together, and that Niles then shut up the bars, thus shutting them all in together; that the lot was five rods square, surrounded by a tolerably good post-and-board fence, about five feet high; that while in the lot, and in fifteen or twenty minutes after they were shut in, the mare was injured; that no one saw how it was done.

A demurrer to the evidence was interposed by the defendants and sustained by the court, to which ruling the plaintiff excepted. The plaintiff then moved for a new trial, which motion was overruled by the court, and the plaintiff again excepted. Judgment was then rendered in favor of the defendants and against the plaintiff for costs, to all of which the plaintiff excepted. These rulings of the court below are now assigned for error.

We cannot say that the court below committed error. The plaintiff did not prove any cause of action against the defendants. It was not the fault of the defendants that the plaintiff's mare was injured. The defendants had nothing to do with placing the bull in the plaintiff's cow-lot; neither had they anything to do with turning the plaintiff's mare into the cow-lot with the bull, or with shutting them all in together. If the bull in fact gored the mare, (and it is fair to infer that he did, although there is no direct evidence of such fact,) such goring was rendered possible by the act of the plaintiff's son in inclosing all these animals together in a close lot. If the animals had been kept apart from each other the mare could not have been injured. The plaintiff's son acted as the agent and servant of the plaintiff, and not as the agent or servant of the defendants, in performing all these acts. It is probably true that the defendants' bull was at one time illegally running at large, but he had not been illegally running at large for about one month previous to the injury to the plaintiff's mare. But even if he had been illegally running at large the day before the injury to the mare, or even on the same day, it could hardly be said that such running at large was the cause of the injury to the plaintiff's mare while she, with the bull and the other cattle, was inclosed in the plaintiff's own cow-lot. It cannot be said that the defendants' bull was running at large while he was confined in the plaintiff's pasture; nor was he running at large while he was on the road in charge of the plaintiff's son, passing from the plaintiff's pasture to the plaintiff's cow-

38—29 KAS.

lot; and he certainly was not running at large while he was confined in the plaintiff's cow-lot, a lot only five rods square.

The judgment of the court below will be affirmed.

All the Justices concurring.